UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X  Docket No.:
                                                                                      20 CV 8161 (VSB)
J. DANÉE SERGENT,

                                                      Plaintiff,                 **FIRST AMENDED**
                                                                                    **COMPLAINT**

                    -against-

THE CITY OF NEW YORK,                                         **JURY TRIAL**
POLICE OFFICER ERICA RIVERA (TAX I.D. 951148),        **DEMANDED**
AND POLICE OFFICER TONI BURKE (TAX I.D. 952512),

                                                      Defendants.
----------------------------------------------------------------------------------X

       Plaintiff, DANÉE SERGENT, by their attorney, Elena L. Cohen of Cohen & Green PLLC, hereby complains of the defendants, upon information and belief, as follows:

### PARTIES, VENUE AND JURISDICTION

1. At all times mentioned herein, plaintiff, DANÉE SERGENT, was an adult resident of Kings County, in the State of New York.

2. At all relevant times mentioned herein, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, defendant, POLICE OFFICER ERICA RIVERA (TAX I.D. 951148), was an adult employed by the City of New York as a member of the NYPD assigned to the 7th Precinct of the NYPD. Defendant Rivera is sued herein in her official and individual capacities.

4. At all times hereinafter mentioned, defendant, POLICE OFFICER TONI BURKE (TAX I.D. 952512), was an adult employed by the City of New York as a member of the NYPD assigned

to the 7th Precinct of the NYPD. Defendant Burke is sued herein in her official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is proper pursuant to 28 U.S.C. § 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. Plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. This action was initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

## RELEVANT FACTS

10. On September 28, 2019, at about 3:00 a.m. plaintiff was lawfully present at or near the intersection of Delancey Street and Clinton Street, in the County, City and State of New York.

11. Plaintiff was on the Lower East Side for their birthday, celebrating with friends.

12. A large group of police appeared and began questioning people of color.

13. Plaintiff verbally made two comments noting this fact ("Nah.  Let them protect the white people, that's what they're there for … Y'all go protect the white people.").

14. This speech and criticism of police is fully protected by the United States and New York State Constitutions alike.  Specifically, Plaintiff's comments are fully protected by the First

Amendment. Defendant Rivera snapped at Plaintiff and quickly escalated the situation with profanity, yelling, "alright, just keep fucking walking, bro."

15. Then, apparently displeased with Plaintiff's response, Defendant Rivera and Defendant Toni Burke physically grabbed Plaintiff, and pulled their sweatshirt such that it began choking plaintiff. Defendants Rivera and Burke, with time to aim the taser, directly and intentionally deployed a taser at/on Plaintiff's crotch.

16. Once plaintiff was on the ground, the defendants placed them in handcuffs. Plaintiff had not violated any law prior to the defendants arresting them.

17. The defendants lacked any probable cause for arresting plaintiff.

18. Additionally, defendants' violent conduct constituted retaliation for plaintiff's lawful exercise of their First Amendment right to criticize the police.

19. Plaintiff did not, at any point, resist arrest, nor did Plaintiff engage in any other activity which would have justified any use of force against them.

20. Plaintiff was not involved in any activity that would have justified their arrest, and there in fact existed no probable cause to justify plaintiff's arrest or detention.

21. Despite the absence of any probable cause to arrest plaintiff, the defendants placed plaintiff in the back of a police vehicle and transported plaintiff to a stationhouse of a local area precinct where plaintiff was detained for a number of hours.

22. While in custody at the precinct, Plaintiff was taken to the hospital, where the taser prongs were removed, but Plaintiff was not provided any means of covering the puncture wounds and was thrown into a filthy cell overnight with open wounds.

23. Plaintiff was then transported to New York County Central Booking where they were held in custody for an additional number of hours.

24. Plaintiff was arraigned on a criminal complaint containing false allegations provided by defendant Rivera.

25. In support of the criminal complaint, defendant Rivera made several false allegations, including but not limited to, alleging that plaintiff "yell[ed] and scream[ed] at [defendant Rivera]", that plaintiff "refused [defendant Rivera's] order", and that plaintiff's actions "prevented [defendant Rivera] from speaking with several individuals and canvassing the area in relation to the aforementioned report [of an individual with a weapon]."

26. These and other allegations were false and defendant Rivera knew them to be false when she made them.

27. This swearing to false statements against plaintiff constituted further ongoing retaliation against plaintiff for the exercise of their First Amendment right to criticize the police.

28. Defendant Rivera forwarded these false allegations or caused the allegations to be forwarded to the New York County District Attorney's Office despite the false nature of the allegations.

29. At their arraignment, plaintiff was released with a future court date.

30. Plaintiff was forced to return to Court about one time before their charges were dismissed.

31. At no time did defendants have probable cause to seize, detain or arrest the plaintiff, nor to use any force on plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

32. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

33. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
**(Section 1983 False Arrest Claim Against the Individual Defendants)**

34. Plaintiff hereby realleges and incorporates all of the preceding paragraphs as though they were fully set forth herein.

35. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused them to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

36. Plaintiff had not been engaged in any criminal conduct, nor were they engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify their arrest.

37. Despite the absence of sufficient legal cause, plaintiff was arrested and jailed.

38. By so doing, the individual defendants subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C §1983 and caused plaintiff to suffer the deprivation of their liberty, loss of their constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION
**(Section 1983 Denial of a Fair Trial and Malicious Prosecution Claims Against the Individual Defendants)**

40. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

41. The individual defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the New York County District Attorneys Office in order to justify the arrest of plaintiff, and to justify, bring about and cause plaintiff to be deprived of their liberty and to be criminally prosecuted.

42. By so doing, the individual defendants subjected the plaintiff to denial of a fair trial and violation of their right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

43. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of their liberty, loss of their constitutional rights, physical injuries, and mental anguish.

### THIRD CAUSE OF ACTION
**(Section 1983 Excessive Force Claim Against the Individual Defendants)**

44. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

45. As a result of the foregoing, defendants subjected plaintiff to excessive force, in part, by causing their body to slam to the ground, and causing them to suffer injuries, with no legal basis, justification or excuse.

46. As a result of the defendants' conduct, the plaintiff was subjected to a level of force by the defendants in excess of what was reasonable under the circumstances.

47. As a result of the foregoing, plaintiff's liberty was restricted and they were put in fear for their physical safety without probable cause or any legal justification, and they were physically injured.

**FOURTH CAUSE OF ACTION**
**(Section 1983 *Monell* Claim Against the Municipal Defendant)**

48. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

49. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

50. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, excessive force, and fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

51. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

52. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions,

excessive force, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

53. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

54. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

55. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

56. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

57. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

58. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**FIFTH CAUSE OF ACTION**
**(Civil Rights Violations Pursuant to New York State Law**
**Against the Individual and Municipal Defendants)**

59. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

60. Plaintiff was subjected to false arrest, excessive force, denial of due process and fair trial, through the defendants' use of unreasonable force, fabricated evidence and the making of false statements.

61. At no time did defendants have any legal basis for arresting plaintiff, subjecting them to prosecution, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

62. The defendants are therefore liable under New York law to plaintiff for false arrest, excessive force, denial of due process and fair trial.

63. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

**SIXTH CAUSE OF ACTION**
(First Amendment Retaliation through 42 U.S.C. Section 1983 and related New York State Constitutional Provisions against All Defendants)

64. "[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions … for speaking out."

*Hartman v. Moore*, 547 U.S. 250, 256 (2006); Dorsett v. Cty. of Nassau, 732 F.3d 157, 160 (2d ll Cir. 2013); *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (First Amendment prohibits "adverse governmental action taken against an individual in retaliation" for protected activities.).

65. As a result, even some government actions that would be otherwise lawful become prohibited if in response to protected speech or petition. "Because government retaliation tends to chill an individual's exercise of his First Amendment rights, public officials may not, as a general rule, respond to an individual's protected activity with conduct or speech even though that conduct or speech would otherwise be a lawful exercise of public authority." *Bd. of County Comm'rs v. Umbehr*, 518 U.S. 688 (1996). The First Amendment thus bars officials' actions where they "caused [the speaker] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity" and were "substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *See Keenan*, 290 F.3d at 258.

66. The right to protest is at the heart of the First Amendment, as is the right to publicly and loudly criticize public officials.

67. The Defendants actions, collectively and through *respondeat superior*, constitute illegal First Amendment retaliation in that (1) Plaintiff was exercising a right protected by the First Amendment; (2) the use of excessive force, arrest, and imposition of criminal charges, as well as the falsification of charges, and the denials of process, were motivated or substantially caused by the exercise of that right; and (3) those actions caused injury. *Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).

68. Even in the generally fraught criminal context, merely "[b]eing subjected to criminal

charges is a cognizable concrete harm." *Higginbotham v. City of New York*, 2015 WL 2212242, at *11 (SDNY May 12, 2015). Here, Sergent's protected speech was the but-for cause of the Defendants use excessive force and false arrest against Plaintiff.

69. The Defendant City of New York is liable under this claim under *respondeat superior* for failure to train member of the NYPD and the Defendants in the lawful and proper discharge of their professional obligations including, but not limited, the requirement that they not violate the constitutional rights of citizens.

70. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## CONCLUSION

WHEREFORE, the plaintiff demands judgment against the individual defendants and the City of New York as follows:

i.   actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii.  actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv.  such other relief as the Court deems just and proper.

Dated: New York, New York
       November 4, 2020

ELENA L. COHEN

By: /s/
_____
Cohen & Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY 11385
Tel.: 929-888-9480
ELENA@FEMMELAW.COM